UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| ROBERT EMMANUEL EVANS, | |
| Plaintiff, | Civil Action No. 5:20-339-KKC |
| v. | **MEMORANDUM OPINION AND ORDER** |
| FEDERAL BUREAU OF INVESTIGATION, ET AL., | |
| Defendants. | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Robert Emmanuel Evans is a federal prisoner serving time on home confinement. Proceeding without a lawyer, Evans recently filed a civil rights complaint with this Court [R. 1], as well as a motion for leave to proceed *in forma pauperis* [R. 3]. While the Court will grant Evans's fee motion, it will dismiss his complaint on initial screening for the reasons set forth below.

Evans pled guilty in 2011 to distributing and receiving child pornography, in violation of 18 U.S.C. § 2252, and the district court sentenced him to 135 months' imprisonment. *See United States v. Robert Emmanuel Evans*, No. 5:11-cr-043-JMH (E.D. Ky. 2011). The United States Court of Appeals for the Sixth Circuit then affirmed the district court's judgment, and the United States Supreme Court denied Evans's petition for a writ of certiorari. *See id.* at Rs. 94, 97. Evans later moved to vacate his sentence pursuant to 28 U.S.C. § 2255, but the district court denied his motion, and the Sixth Circuit denied him a certificate of appealability. *See id.* at Rs. 112, 120.

During the course of proceedings in Evans's criminal case, he filed a "motion for return of personal property." *See id.* at R. 123. In that motion, Evans argued that "all Criminal Proceedings are completed as of November 19, 2015," and yet the Federal Bureau of Investigation (FBI) was

improperly holding some of his personal property that did not contain child pornography, such as spiral notebooks and a Sony PlayStation 2. *See id.* Thus, Evans asked the district court to order that the personal property be returned to him. *See id.* The United States, however, responded to Evans's motion by arguing that it was untimely, that he had never arranged to have the relevant property returned to him, and that, in any event, the property was destroyed in April 2015, in accordance with FBI policies and procedures. *See id*. at R. 127. Ultimately, in light of the Government's representations, the district court denied Evans's motion, though it noted that he "may have a civil remedy if he believes his property was wrongfully destroyed, namely an administrative claim with the FBI or the Department of Justice." *Id.* at R. 128.

Now, more than five years after his property was destroyed and approximately four years after the district court entered its order, Evans has initiated the present action by filing a *pro se* civil rights complaint with the Court. [R. 1]. Evans lists the FBI and one of its Special Agents as defendants, suggests they violated his constitutional rights by improperly destroying some of his personal property, and indicates that he is seeking over half a million dollars in money damages. [*See id.*]. Evans also filed a motion for leave to proceed *in forma pauperis*. [R. 3].

As an initial matter, the Court will grant Evans's fee motion. That is because the financial information Evans provided indicates that he lacks enough assets to pay the filing and administrative fees in this case. Thus, the Court will permit Evans to proceed as a pauper.

That said, the Court has conducted an initial screening of Evans's complaint and will dismiss it as untimely. As best as the Court can tell from Evans's pleading, which he filed on the Court's approved E.D. Ky. 520 Civil Rights Complaint Form, he is attempting to pursue civil rights claims for money damages against one or more federal officials pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). Those claims, however, are time barred.

2

Although Congress has not formally articulated a statute of limitations period for *Bivens* claims, federal courts apply the most analogous statute of limitations from the state where the events occurred. *Wilson v. Garcia*, 471 U.S. 261, 268-71 (1985). Since the conduct giving rise to Evans's conversion-related claims occurred here in Kentucky, this state's two-year statute of limitations for conversion claims applies. *See* Ky. Rev. Stat. § 413.125. Evans, however, did not bring this action until more than five years after his property was destroyed and nearly four years after the district court entered its order denying his request for the return of his personal property. Therefore, Evans's claims are untimely.

Finally, the Court recognizes that Evans also cites Rule 41(g) of the Federal Rules of Criminal Procedure as a basis for his claims. [*See* R. 1 at 7]. That rule, however, provides criminal defendants with a means to seek the return of property seized by federal agents. It does not authorize a defendant to sue a federal agency or federal public official for money damages when personal property has been destroyed, and the Sixth Circuit has specifically recognized this point. *See United States v. Droganes*, 728 F.3d 580, 589 (6th Cir. 2013). Thus, Evans's reliance on Rule 41(g) is unavailing.

Accordingly, it is **ORDERED** as follows:

1. Evans's motion for leave to proceed *in forma pauperis* [R. 3] is **GRANTED** and payment of the filing and administrative fees is **WAIVED**.

2. That said, Evans's complaint [R. 1] is **DISMISSED**.

3. This action is **STRICKEN** from the Court's docket.

4. The Court will enter a corresponding Judgment.

Dated August 24, 2020



KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY